# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas Evenstad, | Case No. 20-CV-0722 (JRT/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| David Hutchinson;[1] Hennepin County Sheriff's Department; SERT Deputy Kasparek; SERT Deputy Marshall; State of Minnesota; and County of Hennepin, | |
| Defendants. | |

Plaintiff Thomas Evenstad brings this action for alleged violations of his constitutional rights. By separate order, this Court will grant Evenstad's application to proceed *in forma pauperis* ("IFP") with respect to the claims raised against defendants David Hutchinson, deputies Kasparek and Marshall, and Hennepin County. That said, an action or any part of an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to

---

[1] Evenstad named Richard Stanek as a defendant to this action in Stanek's official capacity as Hennepin County Sheriff. Stanek, however, no longer holds that position. "An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). Accordingly, current Hennepin County Sheriff David Hutchinson is automatically substituted as a defendant to this action in his official capacity.

plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As mentioned above, Evenstad's IFP application will be granted with respect to most of the defendants named to this action. Evenstad's claims plainly fail, however, with respect to two defendants: the Hennepin County Sheriff's Department and the State of Minnesota. Regarding the Hennepin County Sheriff's Department, the Eighth Circuit Court of Appeals has held that sheriffs' departments are not legal entities amenable to suit. *See De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436 (8th Cir. 2001) (per curiam). Evenstad may seek relief from the specific agents of the sheriff's department alleged to have committed wrongdoing, and he may seek relief from the municipal entity

2

that controls the sheriff's department, but the sheriff's department itself is not an appropriate defendant.

Evenstad also seeks monetary relief from the State of Minnesota. His reasons for doing so are not clear from the complaint; the wrongdoing alleged in the pleading is alleged to have involved county, not state, officials. In any event, Evenstad seeks only monetary relief from the State of Minnesota (*see* Dkt. 1 at 9), but the Eleventh Amendment insulates the state from suits for monetary damages brought under 42 U.S.C. § 1983, *see Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).

The State of Minnesota's sovereign immunity is a jurisdictional barrier to Evenstad's claims against it; accordingly, those claims must be dismissed without prejudice. The claims against the Hennepin County Sheriff's Department are futile — it is simply not a legal entity amenable to suit — and may therefore be dismissed with prejudice. The remainder of this action will go forward at this time.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Defendant Hennepin County Sheriff's Department be **DISMISSED WITH PREJUDICE.**

2. Defendant State of Minnesota be **DISMISSED WITHOUT PREJUDICE.**

Dated: June 8, 2020         *s/Elizabeth Cowan Wright*
                            ELIZABETH COWAN WRIGHT
                            United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).