**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Thomas Evenstad, | Case No. 20-CV-0722 (JRT/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| David Hutchinson; Hennepin County Sheriff's Department; SERT Deputy Kasparek; SERT Deputy Marshall; State of Minnesota; and County of Hennepin, | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss (Dkt. 22) ("Motion"). The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court recommends the Motion be granted.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

**A.   Allegations and Relief Sought in Plaintiff's Complaint**

Plaintiff Thomas Evenstad ("Evenstad" or "Plaintiff") initially named Richard Stanek, the Hennepin County Sheriff's Department, Deputy Lisa Kasparek, Deputy Jeffrey Marshall, the State of Minnesota, and the County of Hennepin as Defendants as part of his action alleging violations of "his First Amendment rights to redress grievances; his right to Due Process of the Law protected under the Fifth Amendment; his

1

right to be free from cruel and unusual punishment under the Eighth Amendment; and his right to equal protection of the Law under the 14th Amendment." (Dkt. 1 at 1.)

The Complaint alleges as follows: On March 14, 2014, Evenstad drove to the home of Richard Stanek, who was at that time the Hennepin County Sheriff, and knocked on his door in order to address Stanek's public position in opposition to the legalization of the medicinal use of cannabis and the incompetence leading to the drowning deaths of multiple persons. (*Id.* at 2-3.) Stanek's wife told him that Stanek was not at home, and Evenstad then left the residence. (*Id.* at 3.)

When Evenstad returned home to his residence on the same day, he observed two marked Hennepin County Sherriff's Office ("HCSO") squad vehicles in front of his residence, which caused Evenstad fear and anxiety due to the possible threat of retaliation. (*Id.*)

Evenstad drove away and consulted with his attorney on how to proceed. (*Id.* at 3.) Evenstad's attorney notified him of the danger that law enforcement may be angry with him for going to Stanek's home and advised him not to return to his home for the weekend. (*Id.* at 3-4.) It was ultimately decided that Evenstad would return to his home with his father as a witness. (*Id.* at 4.)

When he returned to his residence, deputies stopped directly in front of the Plaintiff's vehicle. (*Id.*) The deputies exited their squad vehicle with their service weapons drawn, and Deputy Kasparek, aiming her gun directly at Plaintiff, yelled "freeze motherfucker!", "[s]how me your hands!", and "[d]on't move, or I'll blow your fucking head off!", and told him to "[o]pen the fucking door now, or I'll blow your head off!"

2

(*Id.* at 4-5.) Plaintiff was forcibly removed from the vehicle by Deputy Marshall who forcibly shoved Evenstad to the front of his vehicle while screaming that Plaintiff was under arrest. (*Id.* at 5.) Deputy Marshall also used unnecessary force in securing Evenstad when she applied "pain techniques" in handcuffing Plaintiff, who complied fully with the arrest process and offered no resistance. (*Id.* at 1, 5.)

During the arrest, Deputies Kasparek and Marshall verbally abused Plaintiff and shouted racial epithets about Bob Marley, a picture of whom was on Plaintiff's shirt. (*Id.* at 1, 5-6)

After Plaintiff was handcuffed, Deputy Marshall yelled at him about coming "to our houses" and then used his closed fist to hit Evenstad three times in the head with maximum force while Plaintiff was handcuffed, causing him extreme amounts of pain. (*Id.* at 2, 6.) Plaintiff was placed into a squad car and when he screamed at the top of his lungs for help, as a result of his arrest, Deputy Marshall shoved something into his mouth to prevent him from doing so. (*Id.* at 6.)

Plaintiff requested transport to a hospital for evaluation and treatment for the injuries he suffered from Deputy Marshall, but his request was denied by unidentified person(s). (*Id.* at 2, 6-7.)

Once Plaintiff arrived at jail, he reported his assault to the HCSO deputies and the jail's nursing staff, who laughed at him, asserting that law enforcement does not assault people. (*Id.* at 7.) Plaintiff asked an officer to document and photograph his injuries, and the request was granted. (*Id.*)

Plaintiff was sent to Hennepin County Medical Center ("HCMC") shortly after being jailed. (*Id.*)

As a result of Defendants Deputies Kasparek and Marshall's actions, Evenstad suffered a severe head injury, which resulted in migraines that he continues to suffer from, along with mental health issues. (*Id.* at 7-9.) Plaintiff characterized the use of force as excessive. (*Id.* at 8.)

Evenstad asserts that the assault was in retaliation for his exercise of his First Amendment right to seek redress of grievances of governmental officials, in this case his grievance against former Sheriff Stanek. (*Id.* at 8.)

Evenstad further asserts that the conduct was also in violation of his right to due process of the law, to be free from cruel and unusual punishment, to have the equal protection of the law, and to pursue a redress of grievances found in the First, Fifth, Eighth, and Fourteenth Amendments of the Constitution. (*Id.*)

Evenstad asserts that Hennepin County and the Hennepin County Sheriff's Department is liable for the conduct of former Sheriff Stanek and Deputies Kasparek and Marshall, "for it is through Minnesota State Law that directs the Counties and Law enforcement Agencies with the State of their duties." (*Id.* at 8.)

Evenstad asserts the following civil action against Defendants:

Against Defendants [sic] Stanek in his official capacity.

Against both Defendants Kasparek and Marshall in their individual and official capacities while seeking monetary damages against both in their individual capacities, in excess of $50,000.

4

> Against the Hennepin County Sheriff's department, County of Hennepin and State of Minnesota in their municipal capacities, seeking damages per the maximum monetary amount allowed by State law, individually among each municipality.[1]

(*Id.* at 8-9.)

Plaintiff also seeks an order for protection enjoining Defendants from further retaliation for pursuing redress of grievance in the form of this action. (*Id.* at 9.)

**B.   Defendants' Motion to Dismiss**

Defendants argue that Evenstad's official-capacity claims against the individual defendants and the claims against Hennepin County should be dismissed because Evenstad fails to allege that he was harmed by a specific unconstitutional Hennepin County policy, custom, or practice or by Hennepin County's failure to train and supervise its employees. (Dkt. 24 at 9-12.)

Defendants also argue that the official capacity claims against Stanek and Hutchison should be dismissed for the additional reason that Evenstad has failed to allege that Stanek and Hutchison were directly involved in the deprivation of his constitutional rights. (*Id.* at 13-15.)

With respect to the claims against Deputies Kasparek and Marshall in their individual capacities, Defendants argue that the Eighth Amendment claim fails as Plaintiff was not detained pursuant to a formal adjudication of guilt. (*Id.* at 15-16.) In

---

[1] The Court notes that it issued a Report and Recommendation dismissing the State of Minnesota and the Hennepin County Sheriff's Department from this action. (Dkt. 10.) The Court also substituted David Hutchison for Stanek, as the acting Hennepin County Sheriff. Plaintiff did not object to this Report and Recommendation, which was adopted by Chief United States District Judge John R. Tunheim. (Dkt. 19.)

addition, Defendants assert that Evenstad's equal protection claim fails to allege any specific facts in his Complaint that would demonstrate that he has been treated any less favorably than similarly situated individuals. (Dkt. 24 at 16-17.)

Defendants do not move to dismiss Evenstad's First Amendment right to redress grievances claim or his Fifth Amendment claim against Deputies Kasparek and Marshall in their individual capacities.

Plaintiff has not responded to the Motion to Dismiss.

## II.   LEGAL STANDARD

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaints must be taken as true. *See Ashley Cty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). In addition, a court must afford the plaintiff all reasonable inferences from those allegations. *See Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Federal Rule of Civil Procedure 8 and meet the principles articulated by the United States Supreme Court in *Iqbal* and *Twombly*.

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations

omitted). A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[T]he plausibility standard, which requires a federal court complaint to 'state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted).

> Following *Twombly* and consistent with *Iqbal*, the Eighth Circuit explained:
>
> While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests. A district court, therefore, is not required to divine the litigant's intent and create claims that are not clearly raised, and it need not conjure up unpled allegations to save a complaint.

*Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (cleaned up). *Pro se* complaints are construed liberally, but they still must allege sufficient facts to support the

claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted).

If matters outside the pleadings "are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). While matters "outside the pleadings" may not be considered in deciding a Rule 12 motion to dismiss, documents "necessarily embraced by the complaint are not matters outside the pleading." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quoting *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004)). Thus, while courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned, without converting the motion into one for summary judgment. *Id.*; *see also Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012).[2]

---

[2] While Defendants also rely on one-sided criminal complaints and an order granting an **ex parte** harassment restraining order as public records (Dkts. 25-1, 25-1, 25-3), the Court will not consider them as part of this motion to dismiss as they are not encompassed by the Complaint, are inconsistent with the allegations in the Complaint, or are otherwise immaterial to the present motion, and otherwise declines to convert this motion into a motion for summary judgment. *See Shqeirat v. U.S. Airways Grp., Inc.*, 515 F. Supp. 2d 984, 992 (D. Minn. 2007).

8

### III.   DISCUSSION

### A.   Claims Against Hennepin County and Official Capacity Claims Against Sheriff Hutchison, Deputy Kasparek, and Deputy Marshall

Under 42 U.S.C. § 1983, a local government (such as a county government) is subject to § 1983 liability only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)); *see also Al-Kadi v. Ramsey Cty.*, No. 16-CV-2642 (JRT/TNL), 2019 WL 2448648, at *15 (D. Minn. June 12, 2019) (quoting *Connick*). For a governmental entity itself to subject someone to a deprivation, it is not enough that the entity's employees do the depriving: "local governments are responsible only for their own illegal acts," and "are not vicariously liable under § 1983 for their employees' actions." *See, e.g.*, *Connick*, 563 U.S. at 60 (citation and marks omitted); *see also LaBeau v. Sorenson*, No. 18-CV-0651 (NEB/LIB), 2019 WL 7284109, at *5 (D. Minn. Dec. 27, 2019) (quoting *Connick*). Further "[a] suit against a government official in his or her official capacity is 'another way of pleading an action against an entity of which an officer is an agent.'" *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (quoting *Monell*, 436 U.S. at 690 n.55); *see also Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (citation omitted) ("Claims against individuals in their official capacities are equivalent to claims against the entity for which they work.").

A municipal entity's liability can result from "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise."

9

*Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019) (quotation marks omitted) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016)); *see also Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013) (citations omitted).

Numerous cases explain how to allege a relevant policy, custom, or failure to train, but reviewing that precedent is unnecessary here. The Complaint does not say anything about any relevant Hennepin County policy, custom, or failure to train. At most, the Complaint alleges that the Defendants acted pursuant to an unspecified Minnesota state law, which is insufficient. (*See* Dkt. 1 at 8.) As such, all claims against Hennepin County and official capacity claims against Sheriff Hutchison, Deputy Kasparek, and Deputy Marshall should be dismissed for failure to state a claim for relief.

### B.  Eighth Amendment Claims Against Deputies Kasparek and Marshall in Their Individual Capacities

As a preliminary matter, the Court must identify the specific constitutional right allegedly infringed by the challenged application of force at issue. "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)). The appropriate constitutional right at issue and that corresponding standard is governed by Evenstad's status as either an arrestee, pre-trial detainee, or a convicted inmate:

> [T]he constitutional standard applied may vary depending upon whether the victim is an arrestee, a pretrial detainee, or a convicted inmate of a penal institution. If the victim is an arrestee, the Fourth Amendment's "objective reasonableness" standard controls. *Graham v. Connor*, 490 U.S. 386, 388

10

> (1989). The evaluation of excessive force claims brought by pre-trial detainees, although grounded in the Fifth and Fourteenth Amendments rather than the Fourth Amendment, also relies on an objective reasonableness standard. *Johnson-El v. Schomehl*, 878 F.2d 1043, 1048-49 (8th Cir. 1989). Excessive force claims brought by convicted prisoners fall under the protections provided by the Eighth Amendment's prohibition of cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 318-22 (1986).

*Andrews v. Neer*, 253 F.3d 1052, 1060-61 (8th Cir. 2001) (cleaned up); *see also Wilson*, 209 F.3d at 715 (citation omitted) (quoting *Graham*, 490 U.S. at 394) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that 'arise[ ] in the context of an arrest or investigatory stop of a free citizen,' while the Eighth Amendment's ban on cruel and unusual punishment applies to excessive-force claims brought by convicted criminals serving their sentences."). Given that the alleged acts against Evenstad by Deputies Kasparek and Marshall occurred in the context of Evenstad's arrest, and not when Evenstad was a convicted criminal serving his sentence, his Eighth Amendment claim fails and should be dismissed.

## C.   Equal Protection Claim Against Deputies Kasparek and Marshall in Their Individual Capacities

The Equal Protection Clause requires state actors to treat similarly situated persons alike, but state actors do not violate the Equal Protection Clause if they treat dissimilarly situated persons dissimilarly. *See Ganley v. Minneapolis Park & Recreation Bd.*, 491 F.3d 743, 747 (8th Cir. 2007) (internal quotations and citations omitted). "As a threshold matter, in order '[t]o state an equal protection claim, [a plaintiff] must have established that they were treated differently from others similarly situated to them.'" *Carter v.*

*Arkansa*s, 392 F.3d 965, 968 (8th Cir. 2004) (quoting *Johnson v. City of Minneapolis*, 152 F.3d 859, 862 (8th Cir. 1998)); *see also Higgins Elec., Inc. v. O'Fallon Fire Prot. Dist.*, 813 F.3d 1124, 1129 (8th Cir. 2016) (quoting *Robbins v. Becker*, 794 F.3d 988, 996 (8th Cir. 2015)) ("To state a class-of-one claim, the plaintiff must . . . provide a specific and detailed account of the nature of the preferred treatment of the favored class, especially when the state actors exercise broad discretion to balance a number of legitimate considerations.") (cleaned up; ellipses in *Higgins*).

In bringing an equal protection claim, Evenstad cannot rest on mere allegations of unequal treatment—as with class-based equal-protection claims, he must allege examples of similarly situated individuals who were treated differently. Again, the Complaint falls short. Evenstad does not compare himself to any other specific similarly situated individuals, and nothing in the Complaint resembles a specific and detailed account of the nature of the preferred treatment of the favored class. As such, the equal protection claim should be dismissed for failure to state a claim.

## IV.    RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Defendants' Motion to Dismiss (Dkt. 22) be **GRANTED**.

2. All claims against Hennepin County be **DISMISSED WITHOUT PREJUDICE**.

3. All claims against Sheriff David Hutchinson, Deputy Lisa Kasparek, and Deputy Jeffrey Marshall in their official capacities be **DISMISSED WITHOUT PREJUDICE**.

4. Plaintiff's Eighth Amendment claim and Equal Protection claim under the Fourteenth Amendment against Deputy Lisa Kasparek and Deputy Jeffrey Marshall in their individual capacities be **DISMISSED WITHOUT PREJUDICE**.

5. Defendants Deputy Lisa Kasparek and Deputy Jeffrey Marshall be required to answer or otherwise properly respond to the Complaint, as to Plaintiff's First and Fifth Amendment claims against them in their individual capacities, in accordance with the Federal Rules of Civil Procedure.

Dated: January 12, 2021                     *s/Elizabeth Cowan Wright*
                                            ELIZABETH COWAN WRIGHT
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).